IN RE APPLICATION OF GRIFFIN.

[Cite as *In re Application of Griffin*, 128 Ohio St.3d 300, 2011-Ohio-20.]

*Attorneys — Character and fitness — Neglect of financial responsibilities weighs against approval of application for admission to the bar — Applicant may reapply to take the February 2011 bar examination.*

(No. 2010-1715 — Submitted January 4, 2011 — Decided January 11, 2011.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 458.

_____

**Per Curiam.**

{¶ 1} Hassan Jonathan Griffin of Columbus, Ohio, has applied to register as a candidate for admission to the Ohio bar and had filed an application to retake the Ohio bar examination administered in February 2010. Citing the applicant's student-loan and credit-card debt, part-time employment, and lack of a feasible plan to satisfy his financial obligations, the board recommends that we disapprove his character, fitness, and moral qualifications at present and that we permit the applicant to apply for the February 2011 bar exam. We accept the board's recommendation to disapprove the pending application and will allow the applicant to apply for the February 2011 or a later bar exam.

**Summary of Proceedings**

{¶ 2} The applicant completed his application to register as a candidate for admission to the Ohio bar on January 15, 2008, and unsuccessfully took the Ohio bar examination in July 2008, February 2009, and July 2009. On November 18, 2009, he applied to take the February 2010 bar exam. The Columbus Bar Association Admissions Committee reviewed the applicant's application and his National Conference of Bar Examiners report and personally interviewed him. In

December 2009, it issued a report certifying that the applicant possessed the character, fitness, and moral qualification required for admission to the practice of law and recommended that the applicant be approved.

{¶ 3} Expressing concern about the applicant's handling of his personal finances, however, the Board of Commissioners on Character and Fitness sua sponte instituted an investigation of the applicant's debt pursuant to Gov.Bar R. I(10)(B)(2)(e). A three-member panel of the board conducted a hearing on May 27, 2010, focusing upon the applicant's debt and his lack of a plan to meet his financial obligations.

{¶ 4} The panel found that the applicant had graduated from Arizona State University in 2004 at the age of 34 and had attended the Ohio State University Moritz College of Law. When he graduated from law school in 2008, he owed approximately $170,000 in student loans – $20,000 for his undergraduate studies and $150,000 for law school. He also had incurred approximately $16,500 in credit-card debt.

{¶ 5} Before attending law school, the applicant had worked full-time as a stockbroker for approximately five and a half years, earning enough money to meet his expenses. Since completing his first year of law school, however, respondent has worked part-time, 24 to 32 hours a week, at the Franklin County Public Defender's Office, earning $12 per hour. Although the applicant lives with his nine-year-old daughter and her mother in the mother's home and contributes minimally toward the household expenses, he has been unable to make any payments on his student loans, which began to come due in July 2009. He has also been unable to meet his credit-card obligations since approximately December 2008, and one creditor has obtained a default judgment against him.

{¶ 6} The applicant has contemplated filing bankruptcy and has submitted a letter from his bankruptcy attorney dated January 29, 2010, advising of the applicant's intent to file a voluntary petition under Chapter 13 of the

Bankruptcy Code. The applicant testified that during the pendency of the bankruptcy proceeding, the payments on his student-loan obligation would be greatly reduced. This strategy would give him time to obtain full-time employment once he passes the bar and to get his financial affairs in order. The panel found, however, that as of the May 27, 2010 hearing date, the bankruptcy petition had not been filed. Moreover, the panel observed that the only debt that could be discharged in a bankruptcy proceeding would be the applicant's $16,500 in consumer debt, as the applicant's $170,000 in student loans is nondischargeable in bankruptcy. Noting that the applicant has no plan or ability to pay these debts, the panel recommended that his application be denied but that he be permitted to reapply for the February 2011 bar examination.

{¶ 7} The board adopted the panel report in its entirety and recommends that the applicant be disapproved, that he be permitted to reapply for the February 2011 bar examination, and that upon his reapplication, the appropriate local bar association admissions committee review his application and personally interview him.

### Disposition

{¶ 8} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). Necessarily, "[a] record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." Id.

{¶ 9} In determining that the applicant has not proved that he possesses the requisite character, fitness, and moral qualifications, the board considered the factors set forth in Gov.Bar R. I(11)(D)(3) and (4). The board expressed concern

about the applicant's neglect of his financial responsibilities. See Gov.Bar R. I(11)(D)(3)(k). We accept the board's findings of fact and conclude that the applicant has neglected his personal financial obligations by electing to maintain his part-time employment with the Public Defender's Office in the hope that it will lead to a full-time position upon passage of the bar exam, rather than seeking full-time employment, which he acknowledges would give him a better opportunity to pay his obligations and possibly qualify him for an additional deferment of his student-loan obligation.

{¶ 10} Based upon the foregoing, we agree that the applicant has failed to prove that he possesses the requisite character, fitness, and moral qualifications for admission to the practice of law. Accordingly, we accept the board's recommendation to disapprove the applicant's pending application at this time. However, we will permit him to apply to take the February 2011 or a later bar exam, provided that he submit a new reexamination application and is able to establish his character, fitness, and other qualifications.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Hassan Jonathan Griffin, pro se.

Loveland & Brosius, L.L.C., and William Lyle Loveland, for the Columbus Bar Association.

_____