[Cite as *State v. Brewer*, 2011-Ohio-2966.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24109 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-685 |
| v. | : | |
| | : | (Criminal Appeal from |
| CARLOS E. BREWER | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of June, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

WILLIAM O. CASS, Jr., Atty. Reg. #0034517, 3946 Kettering Boulevard, Suite 202, Moraine, Ohio 45439
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}  Carlos E. Brewer appeals from his conviction and sentence on one count of aggravated burglary in violation of R.C. 2911.11(A)(1).

{¶ 2}  Brewer advances three assignments of error on appeal. The first two challenge

the legal sufficiency and manifest weight of the evidence to support his conviction. The third assignment of error raises an allied-offense issue.

{¶ 3} The record reflects that a grand jury indicted Brewer on two counts of aggravated burglary and a firearm specification. The charges stemmed from an incident that occurred inside the home of Stephanie Keen. At trial, Keen testified that on January 18, 2010, she was home with her two small children. Around 4:30 p.m., she heard banging on her locked screen door and then a loud "pop" followed by banging on her locked front door. Keen unlocked the front door and turned the handle to open it. As she did, the door was pushed open by someone on the other side. Keen saw two men, brothers Carlos and Aster Brewer, standing on her porch. One of them placed his foot inside the residence, preventing her from closing the door. Keen also saw two more men standing farther back. She did not recognize any of them.

{¶ 4} The Brewers began yelling and asking for "Markie." Keen believed they were referring to Mark Hunter, the father of her children. She told them that Markie was not home and that she did not know where to find him. One of the men told her to tell Markie that "Carlos and Aster Brewer are coming for his ass." According to Keen, the two men walked into her living room uninvited. Aster Brewer then pulled a handgun. Although he never pointed the gun at her, he held it in front of his body with a finger on the trigger. The Brewers continued to inquire about Markie's whereabouts. When Keen started crying, Aster Brewer put the gun away. Carlos Brewer told her that they did not want to harm her or cause any trouble. Aster Brewer then warned her, "If [Markie] wants to keep bringing trouble to my family, I'll bring it right back here to his." The men then walked out and drove away.

{¶ 5}   In his defense, Carlos Brewer presented testimony from three witnesses. The first was his cousin, Wesley Noble. The second was Aster Brewer's girlfriend, Danielle York. The third was Carlos Brewer's wife, Angela Brewer. Each of these witnesses claimed to have been present when Carlos and Aster Brewer confronted Keen. They testified that the Brewer brothers never entered Keen's home and that they never saw Aster Brewer with a gun.

{¶ 6}   The jury found Carlos Brewer guilty on two counts of aggravated burglary ("physical harm" and "deadly weapon"). It acquitted him on the firearm specification. The trial court found that the aggravated burglary counts were required to merge as allied offenses. The State elected to proceed to sentencing on count one, which charged aggravated burglary (physical harm). The trial court imposed a seven-year prison sentence. This appeal followed.

{¶ 7}   In his first two assignments of error, Carlos Brewer challenges the legal sufficiency and manifest weight of the evidence to support his conviction. When a defendant challenges the sufficiency of the evidence, he is arguing that the state presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Hawn* (2000), 138 Ohio App.3d 449, 471. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶ 8}   Our analysis is different when reviewing a manifest-weight argument. When a

conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact  "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,*  (1997), 78 Ohio St.3d 380, 387. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶ 9}  With the foregoing standards in mind, we conclude that Carlos Brewer's aggravated burglary conviction is based on legally sufficient evidence and is not against the manifest weight of the evidence. Count one charged Brewer with violating R.C. 2911.11(A)(1), which provides:

{¶ 10} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

{¶ 11} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]"

{¶ 12} In his challenge to the legal sufficiency of the State's evidence, Brewer claims the record contains no evidence that he trespassed in Keen's residence or that he threatened to inflict physical harm. On the trespass issue, he cites his own witnesses' testimony that he

never entered the home. But even if he did enter the home, Brewer claims the record contains no evidence that Keen denied him entry or asked him to leave. Regarding a threat of physical harm, Brewer stresses that his brother is the one who brandished a firearm. Brewer contends he reassured Keen by telling her that they meant her no harm. According to Brewer, the worst he did was make "contingent threats of what could happen to Markie in the future."

{¶ 13} Upon review, we find Brewer's arguments to be without merit. Keen's testimony supports a finding that Carlos and Aster Brewer trespassed by force when they popped her locked screen door, pushed the front door open, and entered her home without permission. Keen's testimony on this issue is legally sufficient to support the jury's verdict. Nor is a finding of trespass by force against the weight of the evidence. Although Brewer presented conflicting testimony, the jury was free to disbelieve his witnesses and to find Keen's testimony the most credible.

{¶ 14} We reach the same conclusion regarding a threat to inflict physical harm. Aster Brewer's act of brandishing a handgun after forcibly entering Keen's home is legally sufficient to support the jury's finding of a threat of physical harm. See, e.g., *State v. Malloy*, Clark App. No. 09CA0092, 2011-Ohio-30, ¶41 ("Defendant's brandishing of the weapon constitutes a threat of physical harm[.]"). It is immaterial that Carlos Brewer himself did not brandish the weapon. The trial court instructed the jury on complicity, and Carlos Brewer is equally responsible for his brother's threatening actions. *State v. Higbee*, Miami App. No. 07-CA-13, 2007-Ohio-6135, ¶10. Once Aster Brewer brandished the weapon, a threat to inflict physical harm had occurred.[1] The fact that Carlos Brewer subsequently sought to reassure Keen does

---

[1] In light of this conclusion, we need not address Carlos Brewer's threats against Markie, who was not home at the time.

not negate the existence of the threat. Having reviewed the record, we believe a rational trier of fact could have found appellant Brewer guilty of aggravated burglary, and the evidence does not weigh heavily against his conviction. His first two assignments of error are overruled.

{¶ 15} In his third assignment of error, Brewer raises an allied-offense argument, claiming the trial court "erred by not vacating or dismissing [his] conviction" on count two, which charged him with aggravated burglary (deadly weapon).

{¶ 16} Upon review, we find no error. As set forth above, the jury found Brewer guilty of aggravated burglary (physical harm) and aggravated burglary (deadly weapon). Recognizing that these were allied offenses, the trial court merged the two counts and required the State to elect to proceed to sentencing on one of them. The State elected to proceed to sentencing for aggravated burglary (physical harm). (Tr. Vol. II at 498). In its written termination entry, the trial court again pointed out that Brewer had been found guilty of aggravated burglary (physical harm) and aggravated burglary (deadly weapon). The termination entry correctly noted, however, that aggravated burglary (deadly weapon) had been merged into aggravated burglary (physical harm) for purposes of sentencing. The termination entry correctly imposed a single seven-year sentence. (Doc. #22).

{¶ 17} "When a defendant has been found guilty of offenses that are allied offenses, * * * a trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing." *State v. Damron*, __ Ohio St.3d __, 2011-Ohio-2268, ¶17. "[F]or purposes of R.C. 2941.25, a 'conviction' is the combination of a guilt determination and a sentence or penalty." Id. In the present case, the trial court properly merged the two guilty verdicts into a single "conviction" that included one sentence. We see

no error. Accordingly, the third assignment of error is overruled.

{¶ 18} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOFRIO, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck, Jr.
R. Lynn Nothstine
William O. Cass, Jr.
Hon. Michael Tucker