THE STATE OF OHIO, APPELLANT, *v*. DAMRON, APPELLEE.

[Cite as *State v. Damron,* 129 Ohio St.3d 86, 2011-Ohio-2268.]

*Criminal law — Allied offenses — Correction of sentencing errors.*

(No. 2010-0937 — Submitted March 22, 2011 — Decided May 18, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-807, 2010-Ohio-1821.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Because the judgment entry of the sentencing court shows that the court applied erroneous legal reasoning, we remand this case to the trial court for resentencing, as required by *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, and application of our recent decision, *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

**Factual Background**

**{¶ 2}** On June 27, 2008, a grand jury returned an indictment against Jeremy Damron that charged one count of felonious assault, two counts of domestic violence, and one count of rape. The state alleged that Damron committed the offenses on or about June 21, 2008, against the mother of two of his children.

**{¶ 3}** On May 5, 2009, Damron entered a guilty plea to felonious assault and to one count of domestic violence. In exchange, the state requested that the trial court enter a nolle prosequi to the remaining two counts. During the plea hearing, Damron was informed of the applicable statutory maximum penalties: eight years' imprisonment for felonious assault and five years' imprisonment for domestic violence.

**{¶ 4}** Before the sentencing hearing, each party submitted a sentencing memorandum. In its sentencing memorandum, the state cited *State v. Rance*

(1999), 85 Ohio St.3d 632, 710 N.E.2d 699, which has since been overruled by *Johnson*, and argued for the imposition of consecutive sentences. In so doing, the state argued that the elements of the two offenses do not correspond to such a degree that the commission of one offense would necessarily result in the commission of the other offense. It further argued that Damron committed the offenses with a separate animus. It argued that in one incident, Damron beat the victim with his fists and dragged her around the room and, in another incident, broke off the blades of the ceiling fan and beat the victim with the blades. The state further argued that the beating with the fan blades also represented an escalation in the violence that contributed to the serious physical harm suffered by the victim.

{¶ 5} In his sentencing memorandum, Damron cited *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, which relied on *Rance*, and argued that the offenses must be merged as allied offenses. Damron conceded that the elements of the offenses are not the same but argued that the offenses are allied because he could not have committed felonious assault on this particular victim (who was a family or household member) without also committing domestic violence. He further argued, without elaborating, that the offenses were committed with one animus against one victim.

{¶ 6} On July 27, 2009, the trial court held a sentencing hearing. At the hearing, the state addressed Damron's sentencing memorandum and urged the court to hold that as a matter of law, felonious assault and domestic violence are not allied offenses. In so arguing, the state pointed out that felonious assault as charged requires proof of serious physical harm but domestic violence does not, that domestic violence requires that the victim be a household or family member but felonious assault does not, and that domestic violence as charged requires proof of two prior domestic-violence convictions but felonious assault does not.

The state did not argue the animus issue at the hearing, as it did in its memorandum.

{¶ 7} At the hearing, Damron reiterated his position that under *Harris*, the offenses must merge. Specifically, he argued that his commission of felonious assault necessarily resulted in his commission of domestic violence. He further argued that the attack involved "one date, one place," as well as "one animus, one victim."

{¶ 8} After informing Damron that this was the worst instance of domestic violence and felonious assault he had ever seen, the sentencing judge imposed the statutory maximum sentences of eight years' imprisonment for felonious assault and five years' imprisonment for domestic violence. The judge then explained that pursuant to *Harris*, the counts "need[ed]" to merge. He further stated, "I feel I have no alternative but to run them concurrent. That's pursuant to the *State v. Harris,*" and "I would have found, if I did not think that *Harris* dictated that, that those would run consecutive to each other."

{¶ 9} The judgment entry in this case reflected that Damron was found guilty on both charges and sentenced to eight years and five years to be served concurrently, "pursuant to *State v. Harris*."

{¶ 10} The state appealed to the Tenth District and asserted one assignment of error: "The trial court erred by purporting to merge the defendant's convictions for felonious assault and domestic violence." The Tenth District refused to reach the issue because, although the trial court had concluded that it was required to merge the convictions, it did not do so. 2010-Ohio-1821 at ¶ 10. The court of appeals overruled the state's assignment of error. It noted that rather than merge the convictions, the trial court imposed separate sentences on each count but ordered the sentences to be served concurrently. Id. The court of appeals further noted, "Even if we were to conclude that the court's decision to impose concurrent sentences had been based on faulty reasoning, the fact remains

that the court's order that the sentences be served concurrently resulted in a sentence authorized by the statutes governing sentencing." Id. at ¶ 11.

{¶ 11} We granted discretionary review over the state's appeal to address two propositions of law: (1) "Even when the sentence falls within the permitted statutory range, the sentence is contrary to law if the court fails to consider the mandatory provisions in R.C. Chapter 2929, or if the court relies on an erroneous legal determination that removes a sentencing option from its consideration"; and (2) "When a court imposes concurrent prison terms under the mistaken belief that it is merging two allied offenses of similar import, sentencing error occurs, and that error can be corrected on appeal." This court declined to review a third proposition of law on the substantive issue of whether felonious assault and domestic violence are allied offenses. State v. Damron, 126 Ohio St.3d 1544, 2010-Ohio-3855, 932 N.E.2d 338.

{¶ 12} Because the sentencing entry itself reflects the court's error in reasoning, the sentences must be vacated and this case remanded to the trial court for resentencing.

## Analysis

{¶ 13} By imposing the sentences concurrently "pursuant to *State v. Harris,*" the judgment entry reflected the sentencing judge's misapprehension of the law on allied offenses. "Where the same conduct by [the] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A).

{¶ 14} In its judgment entry, the trial court relied on *Harris*, presuming that the case necessarily required merger of the felonious-assault and domestic-violence counts. In *Harris*, we addressed two issues: first, whether robbery under R.C. 2911.02(A)(2) and aggravated robbery under R.C. 2911.01(A)(1) are allied offenses of similar import; and, second, whether felonious assault under R.C.

2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2) are allied offenses of similar import. *Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, at paragraphs one and two of the syllabus. We held that robbery and aggravated robbery are allied offenses and that felonious assault under (A)(1) and felonious assault under (A)(2) are allied offenses when those offenses are committed with the same animus against the same victim. Id.

{¶ 15} In so holding, we surveyed the allied-offenses case law. Id. at ¶ 7-14. We recognized that historically, we had interpreted Ohio's multiple-count statute, R.C. 2941.25, as involving a two-step analysis. Id. at ¶ 10, quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816. " 'In the first step, the elements of the two crimes are compared. * * * In the second step, the defendant's conduct is reviewed * * *.' " Id. We then acknowledged that in *Rance*, we modified the test by holding that courts should examine the elements in the abstract to determine whether the offenses are allied offenses. Id. at ¶ 11.

{¶ 16} We next explained that at one time, our holding in *Rance* was interpreted by some courts as requiring a strict textual comparison of the elements. *Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, at ¶ 12. We noted that that interpretation conflicted with legislative intent and caused inconsistent and, at times, absurd results. Id. Accordingly, we had refined the allied-offenses test in *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, and held that " 'in determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), *Rance* requires courts to compare the elements of offenses in the abstract, i.e., without considering the evidence in the case, but does not require an exact alignment of elements.' " *Harris* at ¶ 12, quoting *Cabrales* at ¶ 27.

{¶ 17} In Damron's case, the sentencing court relied on *Harris*, which relied on *Rance*. *Harris* at ¶ 14. Even so, *Harris* never stood for the proposition that the offenses of felonious assault and domestic violence must merge as a

matter of law. In addition, in the sentencing entry, the trial court failed to properly merge the convictions. When a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 prohibits the imposition of multiple sentences. *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 12. Therefore, a trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 41-43. In this case, the sentencing court found Damron guilty of both offenses and sentenced him on both. The imposition of concurrent sentences is not the equivalent of merging allied offenses. As we explained in *Whitfield*, for purposes of R.C. 2941.25, a "conviction" is the combination of a guilt determination and a sentence or penalty. *Whitfield* at ¶ 12. As the record stands, Damron has been convicted of both felonious assault and domestic violence.

### Conclusion

{¶ 18} In this case, the trial court issued a sentencing entry that erroneously relied upon *Harris*. Because of this and other significant procedural defects unique to this case, we vacate the sentence and remand for proper sentencing, including application of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus.

Judgment vacated<br>and cause remanded.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and John H. Cousins IV, Assistant Prosecuting Attorney, for appellant.

Keith O'Korn, for appellee.

_____