[Cite as *Tallmadge v. Ragle*, 2011-Ohio-5896.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| CITY OF TALLMADGE | | C.A. No.   25706 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZACHARY L. RAGLE | | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.   2010TRC04803 |

DECISION AND JOURNAL ENTRY

Dated: November 16, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} Zachary Ragle drove his truck off the road and into a tree. When Officer Dennis Eichler arrived at the scene, he found Mr. Ragle lying across the front seats of the truck, unconscious. There was a strong odor of alcoholic beverages coming from inside the vehicle, and there was a case of beer on the floorboard of the truck with two of the cans missing. Officer Eichler cited Mr. Ragle for driving while under the influence and operating a motor vehicle without reasonable control. Emergency personnel transported Mr. Ragle to the hospital, where a nurse drew his blood. After testing revealed that the blood-alcohol content of Mr. Ragle's blood was 0.185, Officer Eichler cited him for another count of driving while under the influence. Mr. Ragle moved to suppress the evidence against him, arguing that Officer Eichler did not have probable cause to arrest him and that the blood draw was not done in substantial compliance with Section 3701-53-05 of the Ohio Administrative Code. After the municipal court denied his

motion, Mr. Ragle entered a plea of no contest. The municipal court found him guilty of the offenses and sentenced him to 180 days in jail. It suspended 174 of the days upon the condition that Mr. Ragle complete a driver intervention program, serve three days in jail, and obey all laws for one year. Mr. Ragle has appealed, arguing that the municipal court incorrectly denied his motion to suppress. We affirm in part, but vacate his sentence for the blood-alcohol content offense because that count merged at sentencing.

## PROBABLE CAUSE

**{¶2}** Mr. Ragle's second assignment of error is that the municipal court incorrectly denied his motion to suppress because Officer Eichler did not have probable cause to arrest him for driving while under the influence. A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St. 3d 152, 2003-Ohio-5372, at ¶8. Generally, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id*. But see *State v. Metcalf*, 9th Dist. No. 23600, 2007-Ohio-4001, at ¶14 (Dickinson, J., concurring). The reviewing court "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside*, 2003-Ohio-5372, at ¶8.

**{¶3}** Officer Eichler testified that, when he approached Mr. Ragle's truck, he saw Mr. Ragle lying across the driver's and passenger's seats with his head lying on the passenger door. Mr. Ragle was not wearing a seat belt and was unconscious. Officer Eichler observed "a strong odor of alcoholic beverage[s] coming from inside the vehicle" and a case of beer on the floorboard. Two cans were missing from the case of beer. As emergency personnel were moving Mr. Ragle onto a back board, he regained consciousness and began struggling, so Officer Eichler held Mr. Ragle's hands down while the emergency personnel strapped him to the board.

Officer Eichler testified that he was "over" Mr. Ragle as he held his hands down and smelled "a very strong odor of alcoholic beverage[s] coming from his breath." While Officer Eichler was not able to observe Mr. Ragle's eyes because they were closed most of the time, he noticed that his speech was slurred.

{¶4} "In determining whether the police had probable cause to arrest an individual for [driving under the influence], we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St. 3d 421, 427 (2000). "In making this determination, we . . . examine the 'totality' of facts and circumstances surrounding the arrest." *Id*. It is not necessary for a police officer to conduct field sobriety tests or to have observed erratic driving to make an arrest for driving under the influence. *Id*.; *State v. Kurjian*, 9th Dist. No. 06CA0010-M, 2006-Ohio-6669, at ¶17.

{¶5} Upon a review of the totality of the circumstances, we conclude that the municipal court correctly concluded that Officer Eichler had probable cause to arrest Mr. Ragle on suspicion of driving while under the influence. Mr. Ragle was the sole occupant of a truck that was involved in a one-vehicle crash, his breath smelled strongly of alcoholic beverages, and there was a case of beer in the front area of the truck with him, with some of the cans missing. Mr. Ragle's first assignment of error is overruled.

BLOOD DRAW

{¶6} Mr. Ragle's second assignment of error is that the municipal court incorrectly denied his motion to suppress the results of the blood-alcohol content test because the City failed to prove that his blood was drawn in substantial compliance with Section 3701-53-05 of the Ohio

Administrative Code. He has argued that the City did not establish that the nurse who drew his blood used a sterile needle, that the vial into which his blood was placed contained a solid anticoagulant, or that the label on the vial had the time of collection.

{¶7} We do not need to determine whether the blood draw substantially complied with the Ohio Administrative Code because, even if it did not, the error was harmless. Officer Eichler cited Mr. Ragle for two violations of Section 333.01 of the Codified Ordinances of the City of Tallmadge, Ohio. One citation was for operating a vehicle "under the influence of alcohol" under Section 333.01(a)(1)(A). The other was for operating a vehicle while having "a concentration of seventeen-hundredths of one per cent or more by weight per unit volume of alcohol in [his] whole blood" under Section 333.01(a)(1)(F). Although the municipal court found him guilty of both offenses, it "merged" the blood-alcohol content offense with the operating under the influence count because they were the "same offense." If a count is eliminated through merger, any error regarding the count is rendered harmless beyond a reasonable doubt. *State v. Powell*, 49 Ohio St. 3d 255, 263 (1990) (superseded by constitutional amendment on other grounds); *State v. Dew*, 7th Dist. No. 08 MA 62, 2009-Ohio-6537, at ¶135 (superseded by constitutional amendment on other grounds); see Crim. R. 52(A) (providing that "[a]ny error . . . which does not affect substantial rights shall be disregarded."). Mr. Ragle's first assignment of error is overruled.

MERGER

{¶8} Under Section 2941.25(A) of the Ohio Revised Code, a defendant may be charged with multiple offenses based on the same conduct but may be convicted of only one. *State v. Gapen*, 104 Ohio St. 3d 358, 2004-Ohio-6548, at ¶135. "A 'conviction' includes both the guilt determination and the penalty imposition." *Id*. In this case, the municipal court merged the

blood-alcohol content offense after imposing a sentence on it. The Ohio Supreme Court has explained that the correct time to merge counts, however, is before imposing sentence. *State v. Damron*, 129 Ohio St. 3d 86, 2011-Ohio-2268, at ¶17 ("[A] trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing."). We, therefore, vacate the sentence that the municipal court imposed on the blood-alcohol content count because that count had merged into the count for operating a vehicle under the influence of alcohol.

### CONCLUSION

{¶9}    Officer Eichler had probable cause to arrest Mr. Ragle for driving while under the influence. Because the blood-alcohol content count was eliminated by merger, any irregularity with the blood draw was harmless error. The judgment of the Stow Municipal Court is affirmed in part, and Mr. Ragle's sentence for violating Section 333.01(a)(1)(F) of the Codified Ordinances of the City of Tallmadge, Ohio, is vacated.

> Judgment affirmed in part,
> and sentence vacated in part.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
CONCURS

MOORE, J.
CONCURS IN PART, AND DISSENTS IN PART, SAYING:

{¶10} I concur in the majority's analysis and conclusions regarding the issues of probable cause. I also agree the trial court erred in sentencing on both the OVI and the blood alcohol content counts before attempting to merge them. The majority, however, has elected to vacate the sentence on the blood alcohol content count, while the Ohio Supreme Court has said that election rests with the city. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2. "In this case, the court of appeals properly corrected the trial court's error in sentencing Whitfield for the allied offenses of drug possession and drug trafficking. But the court of appeals erred in ordering that this case be 'remanded to the trial court with instructions *to vacate the conviction and sentence for drug possession only*.'" Id. at ¶19. Further, the court held "[t]he court of appeals impermissibly intruded on the state's right to elect by directing the trial court to vacate [one] conviction." Id. at ¶22. The Supreme Court in *Whitfield* remanded the matter to the trial court for a new sentencing hearing where the state must elect the offense on which the defendant

would be sentenced. Id. at ¶22. See, also, *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, at ¶18.

{¶11} For these reasons, I dissent from so much of the majority's opinion as purports to select the count upon which Ragle should be sentenced. Accordingly, I would consider the efficacy of the blood draw on the merits.

APPEARANCES:

BRIAN M. PIERCE, Attorney at Law, for Appellant.

PENNY TAYLOR and MEGAN E. RABER, Attorneys at Law, for Appellee.