[Cite as *State v. Rospert*, 2012-Ohio-6110.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
| --- | --- | --- |
| STATE OF OHIO | | C.A. No. 12CA0033-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL J. ROSPERT | | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 11-TRC-05001 |

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} State Highway Patrol Trooper Jared Hasler arrested Daniel Rospert for operating under the influence after Mr. Rospert drove his truck off the road. According to Trooper Hasler, Mr. Rospert had glassy, bloodshot eyes, a flushed face, and breath that smelled moderately of alcohol. Mr. Rospert also told him that he had had four or five beers. Mr. Rospert moved to suppress the evidence against him, arguing that Trooper Hasler did not have probable cause to arrest him. After the municipal court denied his motion, Mr. Rospert pleaded no contest. The court found him guilty and sentenced him to 30 days in jail. Mr. Rospert has appealed, assigning as error that the court incorrectly denied his motion to suppress. We affirm because Trooper Hasler had probable cause to arrest Mr. Rospert for operating under the influence.

## MOTION TO SUPPRESS

**{¶2}** A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St. 3d 152, 2003-Ohio-5372, ¶ 8. Generally, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id. But see State v. Metcalf*, 9th Dist. No. 23600, 2007-Ohio-4001, ¶ 14 (Dickinson, J., concurring). The reviewing court "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside*, 2003-Ohio-5372, at ¶ 8.

**{¶3}** According to Mr. Rospert, he started drinking about 5:00 p.m. and had six beers over the next three hours. Around 9:30 p.m., he was driving to his parents' house when his cell phone rang. When he looked down to see who was calling, he veered to the right and went off the road, which was narrow without a berm or a white line marking the edge. Because he misplaced his phone during the crash and was only about 500 yards from his parents' house, he walked to their house to call the authorities. When Trooper Hasler arrived, Mr. Rospert walked back to his truck and told the trooper what had happened.

**{¶4}** Trooper Hasler testified that, after he arrived at the crash scene, Mr. Rospert appeared and told him that he was the one who had been driving the truck. Mr. Rospert told him that he went off the road after receiving a call, which was consistent with what Trooper Hasler observed. The trooper agreed that it was a narrow stretch of road. Regarding Mr. Rospert's appearance, Trooper Hasler observed that "he had bloodshot and glassy eyes, he had a moderate odor of an alcoholic beverage coming from his breath . . . , and his face was red flushed." According to the trooper, those are all signs of intoxication. He gave Mr. Rospert a horizontal gaze nystagmus test, and observed four out of six clues. He did not give any other standardized

tests because Mr. Rospert told him that he had been in a bicycle accident and Trooper Hasler did not want to do anything that would cause Mr. Rospert pain. He also administered a portable breath alcohol test, but the municipal court determined that it was unreliable and, therefore, did not have any value.

{¶5} The record does not indicate that the State acquired any additional incriminating evidence as a result of Trooper Hasler's arrest of Mr. Rospert. We, therefore, question whether it was necessary or appropriate for Mr. Rospert to file a motion to suppress. Because the State did not argue that the motion was moot, however, we will assume that there was additional evidence that could have been suppressed if the motion had been granted. *See State v. Hobbs*, 133 Ohio St. 3d 43, 2012-Ohio-3886, ¶ 20, 22, 23 (considering suppression motion on the merits even though "invalid warrant led to no evidence subject to suppression.").

{¶6} To determine whether a police officer had probable cause to arrest an individual for operating under the influence, we consider whether, under the totality of the facts and circumstances surrounding the arrest at the moment of arrest, the officer "had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St. 3d 421, 427 (2000), superseded on other grounds by statute as recognized in *State v. Schmitt*, 101 Ohio St. 3d 79, 2004-Ohio-37. In *Homan*, the Ohio Supreme Court explained that "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where . . . the test results must be excluded for lack of . . . compliance." *Id.*

{¶7} Mr. Rospert has argued that, in making its probable cause determination, the municipal court failed to consider that it was a combination of the telephone call and narrow

roadway that caused him to go off the road, not his drinking. He has also argued that the court failed to consider that his speech was not slurred and that he did not display any difficulty walking. He has further argued that the court failed to consider the effect that his bicycle accident would have had on his ability to perform the horizontal gaze nystagmus test. He has argued that, because the State did not submit the National Highway Traffic Safety Administration standards for the test, it failed to establish that Trooper Hasler properly administered it. He has also argued that, even though the municipal court said that it was not considering the portable breath alcohol test, it actually did rely on the test in making its probable cause determination. Finally, he has argued that Trooper Hasler's claim that he would have arrested him even if he had not administered the portable breath alcohol test was not credible because the trooper would have had no reason for giving him the test if the trooper already thought that he was intoxicated.

{¶8} Because this Court independently reviews whether a law enforcement officer had probable cause for an arrest, whether the municipal court considered improper factors is irrelevant and, at best, harmless error. *See State v. Burnside*, 100 Ohio St. 3d 152, 2003-Ohio-5372, ¶ 8. It also does not matter why Trooper Hasler waited until after administering a portable breath alcohol test to arrest Mr. Rospert because the issue is simply whether, notwithstanding that test, a "prudent person" would have cause to believe that Mr. Rospert had operated the truck under the influence of alcohol. *State v. Homan*, 89 Ohio St. 3d 421, 427 (2000), superseded on other grounds by statute as recognized in *State v. Schmitt*, 101 Ohio St. 3d 79, 2004-Ohio-37. Upon review of the record, we conclude that Mr. Rospert's glassy, bloodshot eyes, his flushed face, the odor of alcohol coming from his breath, his statement that he had consumed four or five beers, and the fact that he drove his truck off the road would have "cause[d] a prudent person to

believe that [he had been] driving under the influence." *Id.*; *see City of Tallmadge v. Ragle*, 9th Dist. No. 25706, 2011-Ohio-5896, ¶ 5 (concluding that officer had probable cause to arrest defendant for driving while under the influence because defendant was the sole occupant of a truck that had been involved in a one-vehicle crash, his breath smelled strongly of alcoholic beverages, and there was a case of beer in the front area of the truck with some of the cans missing); *State v. Holnapy*, 194 Ohio App. 3d 444, 2011-Ohio-2995, ¶ 29 (11th Dist.); *State v. Ross*, 2nd Dist. No. 06-CA-0148, 2008-Ohio-1758, ¶ 40. We reach this conclusion even if we do not consider Mr. Rospert's performance on the horizontal gaze nystagmus test. Mr. Rospert's assignment of error is overruled.

## CONCLUSION

{¶9} The municipal court correctly denied Mr. Rospert's motion to suppress. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

NORMAN R. "BING" MILLER, JR., Attorney at Law, for Appellant.

PAGE C. SCHROCK, III, Assistant Director of Law, for Appellee.