[Cite as *State v. Mankins*, 2014-Ohio-2391.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100169**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL MANKINS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-572494-B

**BEFORE:** E.T. Gallagher, J., Rocco, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Oscar E. Albores
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Michael Mankins ("Mankins"), appeals his sentence. We find merit to the appeal, vacate Mankins's concurrent sentences, and remand the case to the trial court for resentencing.

{¶2} Mankins pleaded guilty to two counts of forgery and one count of grand theft. At the sentencing hearing, the trial court found, without objection, that each of the offenses arose from the same course of conduct and should be merged. Yet, the court sentenced Mankins to nine months on each count to be served concurrently.

{¶3} In his sole assignment of error, Mankins argues the trial court erred by imposing separate sentences on the three counts to which he pleaded guilty. He contends the three counts are allied offenses that should have merged for sentencing.

{¶4} The Double Jeopardy Clauses of the United States Constitution and Article I, Section 10, of the Ohio Constitution prohibit multiple punishments for the same offense. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. Accordingly, R.C. 2941.25(A) provides that when a defendant's conduct results in the commission of two or more "allied" offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A). Offenses are "allied" and must be merged for sentencing if the defendant's conduct is such that a single act could lead to the commission of separately defined offenses, but those separate offenses were committed with a state of

mind to commit only one act. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50.

{¶5} At the sentencing hearing, the trial court found that all three counts to which Mankins pleaded guilty were part of the same course of conduct. The court further stated:

> I am going to sentence you on each of the counts, Counts One, Two, and Seven, to nine months for each count and, based on the statements made by counsel concerning the nature of the circumstances that lead to these counts, I am going to consider them merged. I am going to run them concurrent.

However, "[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses." *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. "[F]or purposes of R.C. 2941.25, a 'conviction' is the combination of a guilt determination and a sentence or penalty." *Id.*

{¶6} The state did not object when the court found Mankins's three convictions were allied offenses subject to merger. The state also concedes Mankins's convictions should have merged for sentencing and that his concurrent sentences should be vacated. We therefore sustain the sole assignment of error.

{¶7} Accordingly, we vacate Mankins's sentences and remand this case to the trial court with instructions to merge Mankins's convictions.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR