[Cite as *State v. Scarbrough*, 2018-Ohio-1836.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellee,                     :
                                    No. 17AP-371

v.                                                          :      (C.P.C. No. 91CR-1626)

Marlon Scarbrough,                              :      (REGULAR CALENDAR)

      Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on May 10, 2018

---

**On Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On Brief:** *Marlon Scarbrough*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Marlon Scarbrough, appeals an entry filed by the Franklin County Court of Common Pleas on May 1, 2017 denying Scarbrough's motion for resentencing and related motions. Because we find that Scarbrough was properly and lawfully sentenced, we overrule his assignment of error and affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 21, 1991, a Franklin County Grand Jury indicted Scarbrough for six counts of aggravated murder (arising from the murders of three persons), three counts of aggravated robbery (with respect to the three murdered persons), and one count of felonious assault (with respect to a fourth person). (Mar. 21, 1991, Indictment.) All counts included firearm specifications. *Id.*

{¶ 3} On April 22, 1992, in keeping with a plea agreement, Scarbrough pled guilty to all counts of the indictment. (Apr. 24, 1992 Jgmt. Entry at 1; Apr. 24, 1992 Plea

Agreement.) According to the plea agreement, each pair of aggravated murder charges relating to each victim would merge for purposes of sentencing and Scarbrough would be sentenced on three counts of aggravated murder, one for each victim. (Apr. 24, 1992 Plea Agreement at ¶ 5.) The plea agreement also provided that Scarbrough would be sentenced to concurrent terms of 20 years to life on each of the merged aggravated murder charges, to be served concurrently with whatever sentence the court chose to impose on the other offenses. *Id.* at ¶ 6-8. The parties agreed that all the firearm specifications would merge and that Scarbrough would serve one mandatory three-year sentence for the firearm specification consecutively to the aggravated murder sentences. *Id.* at ¶ 9. The plea agreement was expressly contingent on the trial court imposing the total sentence as set forth in the plea agreement and provided that the guilty plea would be automatically withdrawn in the event the trial court did not sentence as the parties contemplated in the agreement. *Id.* at ¶ 11.

{¶ 4} In its judgment entry, the trial court sentenced Scarbrough as follows:

> Life imprisonment [] with parole eligibility after Twenty (20) full years on Counts 1-6 [aggravated murders], Counts 1 and 4 to merge, Counts 2 and 5 to merge and Counts 3 and 6 to merge, to run concurrent to each other; not less than Ten (10) Years of Actual Incarceration nor more than Twenty Five (25) Years on Counts 7, 8 and 9 [aggravated robberies], to run concurrent to each other; not less than Eight (8) Years of Actual Incarceration nor more than Fifteen (15) Years on Count 10 [felonious assault], to run concurrent. * * * Defendant shall further serve an additional Three (3) Years Actual Incarceration for the Use of Firearm which shall be merged into one Specification and only be imposed once and shall be served prior to and consecutive to all sentences in this case.

(Apr. 24, 1992 Jgmt. Entry at 2.)

{¶ 5} Just shy of 25 years after his original sentencing, on March 8, 2017, Scarbrough filed a motion for resentencing arguing that the trial court sentenced him on six counts of aggravated murder, that this was error because there were only three deaths, and that the error rendered his sentence void with the result that he must now be resentenced. (Mar. 8, 2017 Mot. for Sentencing.) Scarbrough supplemented that motion and requested a hearing in two filings on March 20. (Mar. 20, 2017 Mot. for Sentencing; Mar. 20, 2017 Mot. for Hearing.) The State responded in opposition on March 21, and

Scarbrough replied in support on April 5. (Mar. 21, 2017 Memo. in Opp.; Apr. 5, 2017 Reply Memo.) In an entry on May 1, 2017, the trial court denied Scarbrough's motions without specifically stating reasons for the denial. (May 1, 2017 Entry.)

{¶ 6} Scarbrough now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 7} Scarbrough argues a single assignment of error[1] for review:

> Whether a trial court commits reversible error thereby offending due process, U.S.C.A. Const. Amend. 14; and the Double Jeopardy Prohibition of *the Federal Constitution's Fifth Amendment when it convicts an offender on ***allied offenses of similar import.**

(Emphasis sic.)

## III. DISCUSSION

{¶ 8} The Ohio statute on allied offenses provides:

> Where the same conduct by [the] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

R.C. 2941.25(A). The Supreme Court of Ohio has interpreted the practical consequences of this statute as follows:

> [W]hen a sentencing court concludes that an offender has been found guilty of two or more offenses that are allied offenses of similar import, in conformity with *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, it should permit the state to select the allied offense to proceed on for purposes of imposing sentence and it should impose sentence for only that offense. Accordingly, imposing separate sentences for allied offenses of similar import is contrary to law and such sentences are void. Therefore, res judicata does not preclude a court from correcting those sentences after a direct appeal.

*State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 2. Additionally, "the imposition of concurrent sentences is not the equivalent of merging allied offenses." *Id.* at ¶ 3, citing *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, ¶ 17.

---

[1] Scarbrough's brief contains a note that the portions of his assignment of error denoted by the asterisks are "Annexations." (Scarbrough Brief at i.) This designation is not self-explanatory. Scarbrough provides no explanation of what is meant by this and we consider it no further.

{¶ 9} In this case, a review of the indictment confirms that aggravated murder Counts 1 and 4 concerned one victim, Counts 2 and 5 concerned a different victim, and Counts 3 and 6 also concerned a single victim distinct from the other two victims. (Mar. 21, 1991 Indictment at 1-7.) It was therefore legally appropriate to merge the six aggravated murder offenses into three offenses. R.C. 2941.25; *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraphs one through three of the syllabus. Scarbrough's plea agreement further confirms the situation by providing that aggravated murder Counts 1 and 4 would merge, Counts 2 and 5 would merge, and Counts 3 and 6 would merge. (Apr. 24, 1992 Plea Agreement at ¶ 5.)

{¶ 10} Hence, it would have been inappropriate for the trial court merely to have sentenced Scarbrough to "Life imprisonment [] with parole eligibility after Twenty (20) full years on Counts 1-6." (Apr. 24, 1992 Jgmt. Entry at 2.) Because the trial court did not end its pronouncement of sentence at that point, Scarbrough's claim that he was improperly sentenced on allied offenses lacks merit because the judgment entry cannot reasonably be construed to impose a sentence of 20 years to life on each of the six counts. Because the trial court's independent clause did not end where the above-quoted passage ended but, rather, continued by sentencing Scarbrough to "Life imprisonment [] with parole eligibility after Twenty (20) full years on Counts 1-6, Counts 1 and 4 to merge, Counts 2 and 5 to merge and Counts 3 and 6 to merge, to run concurrent to each other," the trial court's sentence, when read in full, was that Scarbrough was sentenced to 20 years to life total.[2] *Id.* This sentence was imposed on Counts 1-6, which are merged by pairs (1 & 4, 2 & 5, and 3 & 6) into three counts of aggravated murder. The sentence on each merged count runs concurrently to the others. While we agree that the trial court's sentencing language could have been worded differently, we read the trial court's entry to have imposed three concurrent sentences of 20 years to life on three merged counts of aggravated murder, not six 20-year-to-life sentences.

{¶ 11} We thus find no error in the trial court having denied Scarbrough's motions, and his assignment of error is overruled.

---

[2] Plus the three years for the gun specification.

## IV.  CONCLUSION

{¶ 12}  Scarbrough's criminal sentence was lawful and consistent with and imposed in furtherance of his plea agreement.  His assignment of error is, therefore, overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK, J., concurs.
LUPER SCHUSTER, J, concurs in judgment only.

—————————