[Cite as *State v. Gilreath*, 2024-Ohio-657.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
NOBLE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRISTOPHER F. GILREATH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 NO 0509**

---

Criminal Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 222-2050

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Judges and
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jordan C. Croucher*, Noble County Prosecutor, for Plaintiff-Appellee and

*Atty. Michael Groh*, The Law Office of Michael Groh, for Defendant-Appellant.

Dated:  February 21, 2024

**Robb, P.J.**

{¶1} Defendant-Appellant Christopher F. Gilreath appeals after pleading guilty to multiple counts in the Noble County Common Pleas Court. He contends the failure to merge some offenses constituted plain error. For the following reasons, the trial court's judgment is upheld, and Appellant's convictions are affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} On April 14, 2022, the police responded to the Freeman property on Wargo Road after a call concerning a suspicious truck, which had been spotted there on prior occasions as well. The police discovered Appellant on the property with his truck containing items from inside the residence, including items that were stored in a locked safe. A relative of the deceased property owner came to the scene and identified the items in the truck. (Plea Tr. 10-11); (Prel.Hrg.Tr. 2-12).

{¶3} On April 18, 2022, Appellant's landlord saw her personal property in Appellant's apartment. Appellant began living in the apartment on the second floor of her building at 425 West Street in January 2022. The landlord previously discovered a lock was tampered with on the third floor where she stored belongings. After she repaired the lock, it was tampered with again. She subsequently discovered her safe was damaged and rendered unusable. Her deceased husband's guns were missing from the safe.

{¶4} The police executed a search warrant at Appellant's apartment and at a storage unit he rented elsewhere. In addition to possessing a shotgun and a handgun belonging to the landlord, they confirmed Appellant possessed boxes of the landlord's personal property, including collectibles and household items. (Plea Tr. 11-13); (Sent.Tr. 9-11).

{¶5} An attorney who rented office and storage space in the same building on West Street realized he was missing a box of wine and a motorcycle seat. These items were discovered in Appellant's apartment. (Plea Tr. 13).

{¶6} On May 16, 2022, Appellant was indicted on 10 offenses: three counts of third-degree felony burglary (counts 1, 4, and 6); two counts of fourth-degree felony safecracking (counts 3 and 10); and five counts of theft (counts 2, 5, 7, 8, 9). Count 2

represented the theft of tools, hardware, papers, and furniture from the Freeman Estate, a fifth-degree felony. Count 5 was for the theft of wine and a motorcycle seat from the attorney, a fifth-degree felony due to the age of the victim. Count 7 charged grand theft of a shotgun (from the landlord), a third-degree felony. Count 8 charged grand theft of a handgun (from the landlord), a third-degree felony. Count 9 was a fifth-degree felony theft involving the landlord's collectible sports memorabilia, collectible dollars and coins, housewares, and tools.

{¶7} Appellant signed a written plea agreement on February 8, 2023, wherein he pled guilty to seven counts. He pled as charged to counts 1 (burglary), 3 (safecracking), and 9 (theft) and as amended to counts 5, 6, 7, and 8. Count 5 was amended from theft to fifth-degree felony receiving stolen property. Count 6 was amended from burglary to fifth-degree felony breaking and entering. Count 7 was amended from grand theft of a firearm to receiving stolen property, a fourth-degree felony due to the item being a firearm. Count 8 was likewise amended from grand theft of a firearm to a fourth-degree felony receiving stolen property. The state agreed to dismiss count 2 (theft), count 4 (burglary), and count 10 (safecracking).

{¶8} At the plea hearing, the prosecutor recited the factual background of the offenses at the court's request. (Tr. 10-13). The court accepted the plea and ordered a presentence investigation (PSI). (2/21/23 J.E.). The attorneys, the defendant, and the landlord spoke at the March 30, 2023 sentencing hearing. The trial court sentenced Appellant to 18 months for burglary and 12 months on the other six felonies, with all sentences in this case running concurrently. (4/18/23 J.E.).[1] Appellant filed a timely notice of appeal.

## ASSIGNMENT OF ERROR

{¶9} Appellant's sole assignment of error contends:

"THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO MERGE COUNT 6, BURGLARLY, A FELONY OF THE FIFTH DEGREE WITH THE THEFT AND

---

[1] Appellant committed the current offenses while on community control in a prior theft case. His community control was revoked, and the court imposed the sentence in this case consecutive to the 11 months the court imposed in the revocation case.

Case No. 23 NO 0509

RECEIVING STOLEN PROPERTY CHARGES THAT WERE RELATED TO THE SAME INCIDENT."

{¶10} "Where the same conduct by [the] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). However, "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

{¶11} In accordance with this statute, there are three categories of situations where the offenses will not be merged and separate sentences for multiple verdicts are appropriate: (1) the offenses are dissimilar in import or significance (which occurs "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable"); (2) the offenses were committed separately; or (3) the offenses were committed with separate animus or motivation. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 20, 23, 25.

{¶12} "Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import." *Id.* at ¶ 30. There is no bright-line rule governing the comparison of two offenses, and thus, the analysis may "result in varying results for the same set of offenses in different cases." *Id.* at ¶ 30, 32. Nevertheless, we review the trial court's merger decision de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 26.

{¶13} Appellant points out the act of merging offenses is not accomplished by running the sentences concurrently. *See State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17 ("the imposition of concurrent sentences is not the equivalent of merging allied offenses"); *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31 ("even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law").

{¶14} Although a guilty plea to more than one offense does not implicitly waive a merger argument, the defendant has the burden to raise and demonstrate the necessity of merger at or before sentencing. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 19-20. "[B]y failing to seek the merger of his convictions as allied offenses of similar import in the trial court, [the defendant] forfeited his allied offenses claim for appellate review." *Id.* at ¶ 21. Here, the defense did not request merger of any charges.[2] Appellant therefore raises plain error.

{¶15} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). In asserting plain error, an appellant has the burden to rely on the record to demonstrate: (1) deviation from a legal rule, (2) the error was obvious, and (3) it affected substantial rights (involving a reasonable probability the error was outcome-determinative). *Rogers*, 143 Ohio St.3d 385 at ¶ 22. The imposition of multiple sentences can constitute an obvious error affecting substantial rights if the record shows the convictions were entered on allied offenses of similar import. *See Underwood*, 124 Ohio St.3d 365 at ¶ 31.

{¶16} Still, the application of the plain error doctrine is discretionary with the reviewing judges who are not mandated to reverse. *Rogers*, 143 Ohio St.3d 385 at ¶ 22-23; Crim.R. 52(B) (plain error "may be noticed"). The Supreme Court cautions reviewing courts to accept a plain error argument only after exercising "the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Rogers*, 143 Ohio St.3d 385 at ¶ 23 (concluding the defendant can be convicted of receiving stolen property as to a truck and another count as to the wheels he removed from the truck, emphasizing the inferences which could be drawn from the record and reversing an en banc appellate court's recognition of plain error).

{¶17} Appellant raises his merger argument as to Counts 5 through 9. He claims theft, receiving stolen property, and burglary are commonly viewed as being committed

---

[2] We note after defense counsel moved for a bill of particulars, he filed a motion to compel on September 13, 2022 regarding this request. The court's October 6, 2022 judgment entry said the motion to compel became moot after the prosecutor provided a bill of particulars to counsel. Defense counsel acknowledged receiving this document while noting it was not file-stamped. (Sent.Tr. 19). The bill of particulars, which defense counsel possessed when he decided not to ask for merger of convictions, is not in the record.

with the same conduct and the same animus. Because the breaking and entering in count 6 related to 425 West Street, he contends the theft and receiving stolen property counts involving property taken from this same address may be allied offenses of similar import, as to each other or as to the breaking and entering.

**{¶18}** However, the building address is not dispositive. Appellant lived in a unit at this building and was not convicted for his entry into the building itself. The direct evidence on the record and the inferences to be drawn from the evidence show the building contained multiple units separately rented to tenants or secured by the landlord. Appellant entered and stole property from areas secured by the attorney separately from the property stolen from the area secured by the landlord. This leads to a discussion of the distinctions between the victims of the counts challenged by Appellant.

**{¶19}** On count 5, the indictment named the victim as the attorney and identified the stolen objects as wine and a motorcycle seat. As part of the plea agreement, this count was amended from theft to receiving stolen property. Count 6 was amended from burglary to breaking and entering, and the prosecutor specifically explained that count 6 applied to the attorney-victim; defense counsel agreed with the state's recitation. (Plea Tr. 10, 13). Distinctly, counts 7 through 9 all involved the landlord as the victim, as specified in the indictment and at the plea hearing. (Plea Tr. 10).

**{¶20}** "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff*, 143 Ohio St.3d 114 at ¶ 23. "When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *Id.* at ¶ 26. Accordingly, there was no error in failing to employ merger of the offenses applicable to different victims. In other words, Appellant was not entitled to merger as between the set of offenses involving the attorney as the victim (counts 5 and 6) and the set of offenses involving the landlord as the victim (counts 7 through 9).

**{¶21}** This leaves us to address whether a right to merger existed and was evident among the offenses involving the attorney or among the offenses involving the landlord. We first address whether counts 5 and 6 required merger.

{¶22} On count 5, Appellant pled guilty to receiving stolen property in violation of R.C. 2913.51(A), which states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." On count 6, Appellant pled to breaking and entering in violation of R.C. 2911.13(A), which states: "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony." This was an amended charge under the plea agreement after he was originally indicted for burglary under R.C. 2911.12(A)(3) ("Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense").

{¶23} "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) * * * if the harm that results from each offense is separate and identifiable." *Ruff*, 143 Ohio St.3d 114 at ¶ 23, 26. In evaluating the import of offenses, a court evaluates the significance of each. *See id.* at ¶ 25. A defendant's act of breaking and entering poses potential risks to the victim who utilizes the structure and involves security/privacy concerns (including those of the attorney-tenant and his clients). This harm is separate and identifiable from the harm a victim suffers from the loss of any personal property (wine and a motorcycle seat) stolen during a breaking and entering.

{¶24} Regardless, "the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses [if] * * * the offenses were committed separately * * *." *Id.* at ¶ 25. The breaking and entering was committed separately from the receiving stolen property offense. The breaking and entering was accomplished upon Appellant's trespass into the attorney's secured area with the requisite purpose (to commit a theft or any felony). A breaking and entering can still be committed if no property is removed. That is, obtaining or possessing the wine or motorcycle seat was not required for the breaking and entering offenses. It was a separate act by Appellant. Moreover, he possessed the items in his apartment after the breaking and entering; they were discovered while he was being investigated for other burglaries. Whether a separate animus or motivation existed is not dispositive, as this question involves a different option

for rejecting a merger request. *See id.* at ¶ 31 ("An affirmative answer to any of the [three choices] above will permit separate convictions."). The court did not commit plain error in failing to merge counts 5 and 6.[3]

**{¶25}** As to counts 7 through 9, Appellant was not convicted of theft and receiving stolen property as to the same item. These convictions represent different items stolen from the landlord victim after her storage unit was broken into multiple times.

**{¶26}** Count 7 was originally charged as theft of a firearm, with the indictment specifically identifying the shotgun by make, model, and serial number; this count was amended under the plea agreement to receiving stolen property. Similarly, count 8 was originally charged as theft of a firearm with the indictment specifically identifying the handgun by model and serial number; this count was amended under the plea agreement to receiving stolen property. Count 9 remained theft as indicted and related to the boxes of various items found in Appellant's possession. The indictment listed the items representing this theft as collectible sports memorabilia, collectible coins and dollars, housewares, and tools. At the plea hearing, the prosecutor recited the contents of the boxes Appellant stole from the landlord. (Plea Tr. 12).

**{¶27}** The indictment alleged the firearms were stolen between April 1 and 18 of 2022 (which was the same date range for the dismissed safecracking count) while it alleged the boxed property (collectible coins, dollars, sports items) was stolen between January 1 and April 18 of 2022. At sentencing, the landlord noted she fixed the lock to her storage area after finding it damaged and then found the lock damaged again. (Sent.Tr. 10). She also spoke about the stress of the personal intrusion, the sentimental and financial aspects of losing property which had belonged to her late husband (including the guns), and the issues caused to a landlord and her family by the theft of tools. (Sent.Tr. 9-11).

**{¶28}** The guns were both taken from inside the landlord's locked safe. As part of the plea agreement, the safecracking charge related to this victim and a burglary charge were dismissed. The defense pointed to the large number of other guns in the safe and suggested other people were involved in the theft of the guns, pointing out

---

[3] This is similar to the non-merger of the safecracking in count 3 (the Freeman safe) with the burglary in count 1 (the Freeman house), convictions which were not included in the merger argument.

Appellant merely ended up with two of the firearms. Notably, at the plea hearing, the prosecutor indicated the guns were found at different sites during the execution of the search warrants at Appellant's apartment and at his separate storage unit. Specifically, the prosecutor said Appellant had the stolen shotgun in his apartment, suggesting Appellant transported the stolen handgun to his storage unit. (Plea Tr. 12).

{¶29} The two firearms may have been stolen during the same event but Appellant pled guilty to receiving stolen property as to each firearm. The evidence and inferences show he separately possessed each gun. Accordingly, counts 7 and 8 of receiving stolen property (two different firearms) would not merge with each other.

{¶30} As to the theft in count 9, the limited evidence available (based on this being a plea rather than a trial) suggests various household items belonging to the landlord may have been stolen at an earlier date. Regardless, he pled guilty to stealing the items in the boxes, whereas the firearm counts involved his possession rather than his stealing of the guns. Hence, the record does not show count 9 should have been merged with counts 7 or 8 (or with counts involving other victims).

{¶31} In summary, there is no indication of an obvious error. In any event, this is not an exceptional case so as to prompt this court to exercise its discretion to recognize plain error. Consequently, Appellant's merger argument is overruled.

{¶32} For the foregoing reasons, the trial court's judgment is affirmed, and Appellant's convictions are upheld.


Waite, J., concurs.

Klatt, J., concurs.

[Cite as *State v. Gilreath*, 2024-Ohio-657.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**