[Cite as *State v. Pierce*, 2026-Ohio-2313.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30666 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 02935 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| TIFFANY D. PIERCE | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 18, 2026, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30666

MICHAEL O. MILLS, Attorney for Appellant
ANDREW T. FRENCH, Attorney for Appellee

TUCKER, J.

**{¶ 1}** Tiffany D. Pierce appeals from her conviction on charges of aggravated vehicular homicide, operating a vehicle while under the influence of a drug of abuse, and operating a vehicle with a prohibited concentration of marijuana in her system.

**{¶ 2}** Pierce contends the trial court committed plain error by failing to merge the latter two convictions as allied offenses of similar import. The State concedes error and asserts that a remand for resentencing is necessary.

**{¶ 3}** We agree that the record portrays plain error in the trial court's failure to merge allied offenses of similar import. Accordingly, we reverse the trial court's judgment and remand the case for a new sentencing hearing at which the State must elect which allied offense to pursue.

## I. Background

**{¶ 4}** A grand jury indicted Pierce on the above-referenced charges based on her involvement in a fatal traffic accident while driving under the influence of several drugs. She pleaded guilty as charged without a plea agreement. The trial court imposed a prison term of eight to twelve years for aggravated vehicular homicide. It imposed concurrent terms of 180 days of incarceration for operating a vehicle while under the influence of a drug of abuse and operating a vehicle with a prohibited concentration of marijuana in her system. This appeal followed.

## II. Analysis

{¶ 5} The sole assignment of error states:

**The trial court committed plain error by failing to merge Pierce's two counts of OVI as allied offenses of similar import. A limited remand for re-sentencing is needed.**

{¶ 6} Pierce pleaded guilty to violating R.C. 4511.19(A)(1)(a), which prohibits operating a motor vehicle while under the influence of alcohol or a drug of abuse. She also pleaded guilty to violating R.C. 4511.19(A)(1)(j)(vii), which prohibits operating a motor vehicle with a prohibited concentration of marijuana in the operator's urine or blood.

{¶ 7} "[W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 2015-Ohio-995, ¶ 31. In considering these questions, we are limited to plain-error review because Pierce did not raise the allied-offense issue below. "Plain error requires the existence of an obvious error and a reasonable probability that it affected the outcome of the proceeding." *State v. Smith*, 2025-Ohio-2086, ¶ 47 (2d Dist.).

{¶ 8} Here the trial court's failure to merge the two offenses at issue constituted an obvious error meeting the plain error standard. Pierce's violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(j)(vii) involved a single act of operating a motor vehicle. She had no separate animus or motivation, and the offenses were not of dissimilar import or significance as they did not cause any separate, identifiable harm. Moreover, "[t]he imposition of

3

concurrent sentences is not the equivalent of merging allied offenses." *State v. Damron*, 2011-Ohio-2268, ¶ 17. Accordingly, we sustain Pierce's assignment of error.

### III. Conclusion

{¶ 9} The trial court's judgment is reversed, and the case is remanded for a new sentencing hearing to merge allied offenses.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.