[Cite as *State v. Mason*, 2012-Ohio-5463.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

LAWRENCE MASON

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 2012 CA 00075

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Canton Municipal Court, Case Nos. 2011TRC08570 and 2011CRB04459 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | November 26, 2012 |


APPEARANCES:

For Plaintiff-Appellee

JOSEPH MARTUCCIO
CANTON LAW DIRECTOR
TYRONE D. HAURITZ
CANTON PROSECUTOR
KATIE ERCHICK
ASSISTANT CITY PROSECUTOR
218 Cleveland Avenue SW
Post Office Box 24218
Canton, Ohio  44701-4218

For Defendant-Appellant

KIRK A. MIGDAL
411 Wolf Ledges Parkway
Suite 400
Akron, Ohio  44311-1053

*Wise, J.*

{¶1} Appellant Lawrence D. Mason, II, appeals his conviction in the Canton Municipal Court following a no contest plea on one count of operating a motor vehicle while impaired, one count of operating a motor vehicle while under the influence of drugs or alcohol, one count of possession of drugs, and one count of possession of drug paraphernalia.

{¶2} Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts and background are as follows:

{¶4} On Sunday, October 30, 2011, at approximately 7:29 p.m., Trooper Saengsiphanh of the Ohio State Highway Patrol initiated a traffic stop with Appellant on I-77 southbound at milepost 107, in the city of Canton, McKinley Township, Stark County, Ohio. (T. at 9-10). Trooper Saengsiphanh had been dispatched to that location after the Canton Post of the Ohio State Highway Patrol received a grab DUI call. (T. at 10). The grab DUI caller stated that Appellant was having trouble maintaining his lane, was traveling in and out of his lane, and had almost side-swiped two vehicles on two separate occasions. (T. at 11).

{¶5} Upon approaching Appellant's vehicle, Trooper Saengsiphanh asked Appellant if he was okay, to which he replied that he was tired. (T. at 10). As Appellant was going through his glove box to find his insurance card, Trooper Saengsiphanh observed a medicine bottle containing green leafy vegetation, which was later confirmed to be marijuana. (T. at 10). Appellant told Trooper Saengsiphanh that he had smoked marijuana Friday night, Saturday night, and early Sunday morning. (T. at 10).

{¶6} Trooper Saengsiphanh asked Appellant to perform field sobriety tests to determine whether Appellant was impaired. (T. at 10). Appellant performed the horizontal gaze nystagmus (HGN) test, the one-leg stand test and the walk and turn test. Appellant did not exhibit any clues for the HGN test. (T. at 11). Appellant swayed, put his foot down, and hopped on the one-leg stand test. (T. at 11). Appellant did not take the correct number of heel to toe steps on the walk and turn test. (T. at 12). Based on Trooper Saengsiphanh's observations of Appellant and based on Appellant's performance on the field sobriety tests, Trooper Saengsiphanh concluded that Appellant was impaired. (T. at 12).

{¶7} Trooper Saengsiphanh cited Appellant for operating a motor vehicle while impaired in violation of R.C. §4511.19(A)(1)(a). Appellant was also cited for possession of drugs under R.C. §2925.11(C)(3)(a) and/or possession of drug paraphernalia under R.C. § 2925.14.

{¶8} On February 21, 2012, after receiving Appellant's urinalysis results, the State added the charge of operating a vehicle with a prohibited amount of marijuana metabolite in his urine, a "per se" violation of R.C. §4511.19(A)(1)(j)(viii)(II).

{¶9} Appellant filed a Motion to Suppress Evidence, arguing that the standardized field sobriety test results and the urinalysis results should be suppressed because the evidence was unreliable and the law enforcement officer lacked probable cause to conduct a traffic stop.

{¶10} Appellant also filed a Motion to Dismiss, arguing that R.C. §4511.19(A)(1)(j)(viii)(II) violates the Equal Protection Clause and the Privileges and Immunities Clause.

{¶11} On March 27, 2012, a hearing was held on both motions. At the hearing, Appellant withdrew his argument that the law enforcement officer lacked probable cause to make a traffic stop.

{¶12} On March 28, 2012, the trial court issued two separate judgment entries denying both of Appellant's motions. The following day, Appellant entered a no contest plea and was found guilty on all counts.

{¶13} For the offense under R.C. §4511.19(A)(1)(a), the trial court imposed a $375.00 fine plus court costs and sentenced Appellant to 180 days in jail, suspending all but seventy-two hours on condition of good behavior for two years.

{¶14} For the offense under Subsection (A)(1)(j)(viii)(II), the trial court imposed a $375.00 fine plus court costs.

{¶15} Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶16} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS BECAUSE R.C. 4511.19(A)(1)(j)(viii)(II) VIOLATES THE EQUAL PROTECTION CLAUSES OF THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶17} "II. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE BECAUSE THE FIELD SOBRIETY TESTS WERE UNRELIABLE FOR INDICATING IMPAIRMENT.

{¶18} "III. THE TRIAL COURT ERRED IN DENYING THE APPELLANTS MOTION TO DISMISS BECAUSE R.C. 4511.19(A)(1)(j)(viii)(II) AS APPLIED TO THE

APPELLANT VIOLATES THE EQUAL PROTECTION CLAUSES OF THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION."

**I., III.**

**{¶19}** In his First and Third Assignments of Error, Appellant argues that the trial court erred in denying his motion to dismiss. We disagree.

**{¶20}** More specifically, Appellant argues that R.C. §4511.19(A)(1)(j)(viii)(II) is unconstitutional, both on its face and as applied, claiming that it violates the equal protection clauses of the U.S. and Ohio Constitutions.

**{¶21}** In the case *sub judice*, Appellant was charged with violation of both R.C. §4511.19(A)(1)(a) and R.C. §4511.19(A)(1)(j)(viii)(II) which state:

**{¶22}** "(A)(1)No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

**{¶23}** (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

**{¶24}** " * * *

**{¶25}** "(j) Except as provided in division (K) of this section, the person has a concentration of any of the following controlled substances or metabolites of a controlled substance in the person's whole blood, blood serum or plasma, or urine that equals or exceeds any of the following:

**{¶26}** " * * *

**{¶27}** "(viii) Either of the following applies:

**{¶28}** " * * *

**{¶29}** "(II) As measured by gas chromatography mass spectrometry, the person has a concentration of marihuana metabolite in the person's urine of at least thirty-five nanograms of marihuana metabolite per milliliter of the person's urine or has a concentration of marihuana metabolite in the person's whole blood or blood serum or plasma of at least fifty nanograms of marihuana metabolite per milliliter of the person's whole blood or blood serum or plasma."

**{¶30}** R.C. §4511.19 also provides as follows:

**{¶31}** "(C) In any proceeding arising out of one incident, a person may be charged with a violation of division (A)(1)(a) or (A)(2) and a violation of division (B)(1), (2), or (3) of this section, but the person may not be convicted of more than one violation of these divisions."

**{¶32}** Further, R.C. §2941.25(A) provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

**{¶33}** Upon review of the Judgment Entry, we find that after accepting Appellant's no contest pleas in this matter and finding Appellant guilty, the trial court sentenced Appellant on both R.C. §4511.19(A)(1)(a) and R.C. §4511.19(A)(1)(j)(viii)(II).

**{¶34}** On the R.C. §4511.19(A)(1)(a) count, the trial court imposed a license suspension, points, and a fine of $375.00 and costs. On the R.C. §4511.19(A)(1)(j)(viii)(II) count, the trial court imposed a second fine of $375.00 and costs.

**{¶35}** Here, Appellant's sentences are clearly contrary to law. The two charges should have been merged for purposes of sentencing and Appellant should have been sentenced on one of the two charges, as elected by the prosecution. *See State v. Smucker* (Dec. 18, 1992), Holmes App. No. CA-452; *State v. Ryan* (1984), 170 Ohio App.3d 150; *N. Olmsted v. Benning* (Apr. 4, 2002), 8th Dist. No. 79548; *Columbus v. Ziegler* (Mar. 3, 1992), 10th Dist. No. 91AP–1058.

**{¶36}** Although Appellant did not raise this issue below, "a trial court's failure to merge allied offenses of similar import constitutes plain error." *State v. Fairman,* 2d Dist. Montgomery No. 24299, 2011-Ohio-6489. As a result, we "must reverse the judgment of conviction and remand for a new sentencing hearing at which the State must elect which allied offense it will pursue against the defendant." *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2.

**{¶37}** We therefore remand this matter for resentencing so that the prosecution can elect one of the two OVI offenses upon which Appellant shall be sentenced.

**{¶38}** Appellant's First and Third Assignments of Error are overruled.

**II.**

**{¶39}** In his Second Assignment of Error, Appellant argues that the trial court erred in denying his motion to suppress.

**{¶40}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993),

86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams* (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

**{¶41}** Appellant argues that field sobriety tests are unhelpful in establishing impairment due to use of marijuana. He claims that field sobriety tests have been standardized to detect specific levels of alcohol consumption, and that performance on these tests has not been studied with respect to marijuana consumption.

**{¶42}** As acknowledged by the trial court, the horizontal gaze nystagmus test is not considered reliable or credible as to marijuana use.[1] *NHTSA, Drugs and Human*

---

1   We note that scientific research regarding the effectiveness of using standardized field sobriety tests to detect impairment from marijuana indicates that horizontal gaze nystagmus does in fact result from marijuana consumption, albeit less frequently or less strongly than from alcohol consumption. Con Stough, et al. *An Evaluation of the Standardized Field Sobriety Tests for the Detection of Impairment Associated with Cannibis with and without Alcohol* 78 (2006). Because the Ohio Supreme Court decisions have specifically addressed and relied on NHTSA materials, we are inclined

*Performance Fact Sheets* 11 (2004); *see, also*, Eugene R. Bertolli, et al., *A Behavioral Optometry/Vision Science Perspective on the Horizontal Gaze Nystagmus Exam for DUI Enforcement,* Forensic Examiner 31 (2007). Appellant in this case did not exhibit any clues on the HGN test.

**{¶43}** However, Trooper Saengsiphanh also testified that Appellant exhibited a significant number of signs on two other field sobriety tests. Appellant swayed, put his foot down, and hopped on the one-leg stand test. (T. at 11).[2] Appellant did not take the correct number of heel to toe steps on the walk and turn test. (T. at 12).

**{¶44}** NHTSA materials indicate that these field sobriety tests would be affected by marijuana consumption. *Drugs and Human Performance Fact Sheets* at 11:

**{¶45}** "**Effects on Driving:** …. Epidemiology data from road traffic arrests and fatalities indicate that after alcohol, marijuana is the most frequently detected psychoactive substance among driving populations. Marijuana has been shown to impair performance on driving simulator tasks and on open and closed driving courses for up to approximately 3 hours. Decreased car handling performance, increased reaction times, impaired time and distance estimation, inability to maintain headway, lateral travel, subjective sleepiness, motor incoordination, and impaired sustained vigilance have all been reported. Some drivers may actually be able to improve performance for brief periods by overcompensating for self-perceived impairment. The greater the demands placed on the driver, however, the more critical the likely impairment. Marijuana may particularly impair monotonous and prolonged driving.

to accept NHTSA's conclusions for purposes of this opinion. *See, e.g., State v. Homan,* 89 Ohio St.3d 421, 425, 2000-Ohio-212.

[2]  We note that research indicates that the one leg stand is the most effective indicator of impairment associated with the consumption of marijuana. *Stough* at 79.

Decision times to evaluate situations and determine appropriate responses increase. Mixing alcohol and marijuana may dramatically produce effects greater than either drug on its own.

**{¶46}** "…

**{¶47}** *"DEC Profile:* Horizontal gaze nystagmus not present; vertical gaze nystagmus not present; lack of convergence present; pupil size normal to dilated; reaction to light normal to slow; pulse rate elevated; blood pressure elevated; body temperature normal to elevated. Other characteristic indicators may include odor of marijuana in car or on subject's breath, marijuana debris in mouth, green coating of tongue, bloodshot eyes, body and eyelid tremors, relaxed inhibitions, incomplete thought process, and poor performance on field sobriety tests."

**{¶48}** Based on the foregoing, we find that the trial court did not err in failing to grant Appellant's motion to suppress in this matter.

**{¶49}** Appellant's Second Assignment of Error is overruled.

**{¶50}** For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 1113

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LAWRENCE MASON | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012 CA 00075 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Costs assessed equally between Appellee and Appellant.

_____

_____

_____

JUDGES