[Cite as *State v. Krzemieniewski*, 2016-Ohio-4991.]

STATE OF OHIO           )                  IN THE COURT OF APPEALS
                          )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA     )

STATE OF OHIO                     C.A. No.      15CA0015-M

      Appellee

      v.                            APPEAL FROM JUDGMENT
                                  ENTERED IN THE
MARTIN L. KRZEMIENIEWSKI        MEDINA MUNICIPAL COURT
                                  COUNTY OF MEDINA, OHIO
      Appellant                  CASE Nos.    13 TRC 02021
                                            13 CRB 00463

## DECISION AND JOURNAL ENTRY

Dated: July 18, 2016

---

BALDWIN, Judge.

{¶1} Appellant, Martin Krzemieniewski, appeals his conviction from the Medina Municipal Court. This Court affirms.

I

{¶2} Montville Township Police Officer Brett Harrison observed a car travel left of center while turning from Fox Meadow Drive to Poe Road. The driver-side tires crossed completely over the solid yellow centerline. After that, the car moved toward the right side of the road and the passenger-side tires crossed over the white fog line by about half a tire width. Officer Harrison stopped the car for the marked-lanes violations. Krzemieniewski was the driver of the car.

{¶3} Upon approaching the car, Officer Harrison noticed the odor of raw marijuana coming from it. He also observed that Krzemieniewski's eyes were bloodshot and glossy. Krzemieniewski admitted that he had smoked some marijuana "a little bit ago" and that there

was more marijuana in the car. Officer Harrison administered standard field sobriety tests. He observed one clue on the one-leg stand, but no clues on the other tests. Officer Harrison further testified that Krzemieniewski seemed "[o]verly calm" under the circumstances.

{¶4} Officer Harrison arrested Krzemieniewski for operating a vehicle under the influence of alcohol or drugs ("OVI"). A blood test was performed and Krzemieniewski was charged with OVI in violation of R.C. 4511.19(A)(1)(j)(vii) and 4511.19(A)(1)(j)(viii)(II). He was also cited for the marked-lanes violation under R.C. 4511.33 and possession of marijuana in violation of R.C. 2925.11(A). The citation further noted that Krzemieniewski had two prior OVI's.

{¶5} Krzemieniewski pled not guilty and filed a motion to suppress the evidence against him. Following multiple continuances by both sides, a hearing was held December 9, 2013. Officer Harrison, who had six years of experience as a police officer, was the only witness to testify at the suppression hearing. On October 15, 2014, the trial court issued a judgment entry denying the motion to suppress.

{¶6} Thereafter, Krzemieniewski filed a motion to dismiss arguing that the trial court took an unreasonable amount of time to rule on his motion to suppress in violation of his speedy trial rights. The trial court denied the motion to dismiss noting, inter alia, that Krzemieniewski had waived time on multiple occasions.

{¶7} Thereafter, the prosecutor, Krzemieniewski, and his counsel signed a pretrial agreement. According to that agreement, the prosecutor recommended that, if Krzemieniewski pled guilty or no contest to the R.C. 4511.19(A)(1)(j)(vii) and marijuana possession charges, the State would dismiss the balance of the charges and consent to driving privileges. Above the signatures of Krzemieniewski and his counsel, the agreement states: "The recommendation of

the [p]rosecutor is accepted by the defendant and defendant's counsel and defendant waives all speedy trial rights."

{¶8}   The court accepted Krzemieniewski's no contest plea and found him guilty of OVI in violation of R.C. 4511.19(A)(1)(j)(vii) and marijuana possession in violation of R.C. 2925.11(A).   Krzemieniewski moved for a stay of his sentence pending appeal, which the trial court granted.   Krzemieniewski raises two assignments of error on appeal.

II

Assignment of Error Number One

DEFENDANT'S ARREST WAS NOT SUPPORTED BY PROBABLE CAUSE.

{¶9}   In his first assignment of error, Krzemieniewski argues that the trial court erred in overruling his motion to suppress because he contends that Officer Harrison lacked probable cause to arrest him for OVI.   We disagree.

{¶10} We begin by noting the standard by which this Court reviews a trial court's decision on a motion to suppress.

> Appellate review of a motion to suppress presents a mixed question of law and fact.   When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.   Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.   Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusions of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶11} The legal standard for probable cause to arrest for OVI is whether "at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence."   *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), superseded by

statute on other grounds.   This involves an examination of the totality of the facts and circumstances known at the time of the arrest.  *Id.*

{¶12} Krzemieniewski does not disagree with the trial court's factual findings that: (1) he committed two traffic violations; (2) the odor of raw marijuana was coming from his vehicle; (3) his eyes were bloodshot and glossy; (4) he admitted that he had smoked marijuana recently; and (5) he admitted that there was marijuana in the car.[1]  He argues, however, that the totality of the circumstances do not support probable cause to believe that he was driving under the influence because: (1) Officer Harrison smelled only raw, unsmoked marijuana; (2) Officer Harrison had not completed Advanced Roadside Impaired Driving Enforcement ("ARIDE") training prior to the stop; (3) Officer Harrison's police report did not list factors that would be consistent with sobriety; (4) Krzemieniewski passed the field sobriety tests; and (5) Krzemieniewski was calm throughout the stop.

{¶13} Krzemieniewski first points out that Officer Harrison smelled raw marijuana, indicating that it had not been smoked.  While the smell of burnt marijuana would be a stronger indicator of recent marijuana consumption and possible impairment, Krzemieniewski admitted to Officer Harrison that he had smoked marijuana "a little bit ago."  Neither Officer Harrison nor the court relied on the odor of marijuana alone in determining that there was probable cause. Rather the marijuana odor was coupled with Krzemieniewski's admission that he had recently smoked marijuana, thus, supporting the probable cause determination.

{¶14} Krzemieniewski next argues that the court erred in mentioning that Officer Harrison had ARIDE training because he did not complete that training until after the date of the

---

[1] In his brief, Krzemieniewski lists: (1) his admission of marijuana consumption; (2) the odor of marijuana; (3) his marked lanes violations; and (4) his bloodshot eyes.  He does not, however, dispute that he also admitted that there was marijuana in the car.

stop. On cross-examination, Officer Harrison was asked whether he was familiar with ARIDE, and he responded that he took that training in the spring after this stop. Officer Harrison further testified that, prior to the date of the stop, he had completed National Highway Traffic Safety Administration ("NHTSA") training for impaired driving detection. While his NHTSA training focused on alcohol impairment, it also addressed marijuana. As Officer Harrison had training in detecting marijuana impairment prior to the arrest, the trial court's reference to his subsequent ARIDE training was harmless.

{¶15} Krzemieniewski further argues that he exhibited a number of signs consistent with sobriety that Officer Harrison did not account for in his police report. In his testimony at the suppression hearing, Officer Harrison indicated which factors he did, and which he did not, observe. In addition, the trial court's decision denying the motion to suppress noted a number of factors that either were not observed or referenced in the police report. Thus, those factors were properly accounted for in making the probable cause determination.

{¶16} Krzemieniewski next points out that he passed the field sobriety tests. He implies that because he passed those tests, he could not be arrested for OVI. In support of his argument, he directs our attention to *State v. Mason*, 5th Dist. Stark No. 2012 CA 00075, 2012-Ohio-5463, wherein it was noted that the one-leg stand and walk-and-turn tests could be affected by marijuana consumption. *Id.* at ¶ 43-44. Krzemieniewski's reliance on *Mason* is misplaced. In *Mason*, the defendant argued that "field sobriety tests are unhelpful in establishing impairment due to use of marijuana." *Id.* at ¶ 41. The *Mason* court was not presented with the issue of whether a defendant who passed field sobriety tests, yet exhibited other indicia of impairment, could be arrested for OVI.

{¶17} "[T]he totality of the facts and circumstances can support probable cause for an arrest even in the absence of the administration of field sobriety tests." *State v. Russo*, 9th Dist. Medina No. 09CA0009-M, 2009-Ohio-6914, ¶ 10. The fact that Krzemieniewski passed the field sobriety tests does not negate the other indicia of impairment observed by Officer Harrison.

{¶18} Krzemieniewski further notes that Officer Harrison described his demeanor after exiting the car as "[o]verly calm from what * * * the average person is [at] a traffic stop." Because he was not immediately arrested following the officer's initial observations and he passed the field sobriety tests, Krzemieniewski contends that he "was arrested for being calm." Krzemieniewski continues that in *State v. Adair*, 5th Dist. Muskingum No. CT2007-0035, 2007-Ohio-7176, nervousness was an indicator of impairment. *Id.* at ¶ 20. Krzemieniewski implies that an unusual degree of calmness could not also be an indicator. The trial court did not reference Krzemieniewski's demeanor in reaching its probable cause determination. We, likewise, do not find it necessary to address this issue as Officer Harrison had probable cause to believe that Krzemieniewski was operating a vehicle under the influence of a drug of abuse aside from his demeanor. *See State v. Willard*, 9th Dist. Medina No. 04CA0045-M, 2005-Ohio-1627, ¶ 27 (declining to address field sobriety tests where other independent factors established probable cause).

{¶19} Krzemieniewski's arguments regarding his performance on the field sobriety tests and his demeanor miss the essential question regarding probable cause. That is whether, notwithstanding the field sobriety tests or his demeanor, a prudent person would believe that Krzemieniewski was operating a vehicle under the influence of a drug of abuse. *See State v. Rospert*, 9th Dist. Medina No. 12CA0033-M, 2012-Ohio-6110, ¶ 8, quoting *Homan* at 427 ("It [ ] does not matter why [the trooper] waited until after administering a portable breath alcohol test

to arrest [the defendant] because the issue is simply whether, notwithstanding the test, a 'prudent person' would have cause to believe that [the defendant] had operated the truck under the influence of alcohol."). Under the totality of the circumstances in this case, probable cause existed based on Krzemieniewski's traffic violations, his bloodshot and glossy eyes, his admission of having smoked marijuana recently, and the odor and presence of marijuana (albeit raw) in the car. *See Homan* at 427 (erratic driving, red and glassy eyes, odor of alcohol, and admission of alcohol consumption "amply support[ed]" decision to arrest).

{¶20} Krzemieniewski's first assignment of error is overruled.

Assignment of Error Number Two

THE COURT'S ELEVEN MONTH DELAY BETWEEN THE MOTION TO SUPPRESS AND DECISION WAS UNREASONABLE AND IN VIOLATION OF KRZEMIENIEWSKI'S RIGHT TO A SPEEDY TRIAL.

{¶21} In his second assignment of error, Krzemieniewski argues that his speedy trial rights were violated due to the time that lapsed between the hearing on his motion to suppress and the trial court issuing a decision on the motion. We disagree.

{¶22} Krzemieniewski was charged with multiple offenses of different degrees, the highest one being a first-degree misdemeanor. Therefore, the statutory time to bring him to trial was ninety days. *See* R.C. 2945.71(B)(2) and (D). That time, however, may be extended by any period necessitated by a motion of the accused. R.C. 2945.72(E). In addition, a defendant or his counsel may waive the defendant's right to a speedy trial. *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶23} We note that Krzemieniewski does not dispute that his motion to suppress tolled his speedy trial clock, nor does he contend that any of the continuances sought by either side prior to the hearing on the motion to suppress were unreasonable or that any of that time should

count against the State. Rather, his argument focuses solely on the time period following the suppression hearing while awaiting a ruling from the trial court.

{¶24} A trial judge should rule on motions as expeditiously as possible. *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 27; *State v. Martin*, 56 Ohio St.2d 289, 297 (1978). Krzemieniewski directs our attention to *State v. Arrizola*, 79 Ohio App.3d 72 (3d Dist.1992), wherein that court found a seven-month delay was unreasonable.[2] *Id.* at 76. We have previously distinguished *Arrizola* from cases, such as this one, where the defendant has waived his speedy trial rights. *See State v. Goshen*, 9th Dist. Lorain No. 93CA005574, 1994 WL 510837, *3 (Sept. 21, 1994).

> Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time.

*O'Brien* at paragraph two of the syllabus. When a waiver does not mention a specific time period, it is of unlimited duration. *State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009-Ohio-3924, ¶ 18.

{¶25} In the present case, Krzemieniewski waived his speedy trial right on multiple occasions. Krzemieniewski's counsel filed written waivers on April 18, May 10, and July 19, 2013. None of the waivers listed a specific time period; thus, they were of unlimited duration. Krzemieniewski did not file an objection and demand for trial during the time that he awaited a ruling on his motion to suppress. While not condoning any undue delay in ruling on motions, we cannot say that this "one-judge court" erred by relying on Krzemieniewski's multiple time

[2] *Arrizola* did not establish a bright-line rule, but found the determination depends on the circumstances of each case, including the complexity of the facts, the difficulty of the legal issues presented, and the demands on the time and schedule of the trial court judge. *Id*. at 76.

waivers when prioritizing his docket. *See O'Brien* at 9-10. We also note that, although it was after the trial court denied the motions to suppress and dismiss, Krzemieniewski and his counsel signed a pretrial agreement reiterating that the "defendant waives all speedy trial rights."

**{¶26}** Krzemieniewski's second assignment of error is overruled.

III

**{¶27}** Krzemieniewski's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CRAIG R. BALDWIN
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

(Baldwin, J., of the Fifth District Court of Appeals, sitting by assignment.)


APPEARANCES:

MICHAEL E. STEPANIK and JACK W. BRADLEY, Attorneys at Law, for Appellant.

J. MATTHEW LANIER, Attorney at Law, for Appellee.