[Cite as *Akron v. Burch*, 2019-Ohio-121.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CITY OF AKRON | C.A. No.      29024 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BREYANA J. BURCH | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.     17 TRC 16299 |

DECISION AND JOURNAL ENTRY

Dated: January 16, 2019

HENSAL, Judge.

{¶1}   The City of Akron (the "City") appeals from the judgment of the Akron Municipal Court, granting Breyana Burch's motion to suppress.  This Court reverses and remands the matter for further proceedings.

I.

{¶2}   Breyana Burch lost control of her vehicle around 2:00 a.m. on a Sunday morning, causing it to strike a utility pole and flip over onto its top.  Police and EMS responded to the scene.  Upon arriving, Officer Gary White saw the overturned vehicle and the utility pole, which had been split in half as a result of the accident.  He also saw Ms. Burch being treated by EMS on the side of the road.  Officer White approached Ms. Burch and noticed that she had facial injuries, including a swollen lip, and that she had slurred speech and glossy eyes.  Officer White testified that he initially attributed Ms. Burch's slurred speech and glossy eyes to the accident, and that – at the time he approached her – he did not notice an odor of alcohol.

{¶3} Prior to EMS transferring Ms. Burch to the back of the ambulance, Ms. Burch told Officer White that she had consumed one Long Island Iced Tea. Then, as he was speaking to her in the back of the ambulance, Officer White noticed an odor of alcohol, which he described as "medium." While still in the ambulance, Ms. Burch admitted to having four shots of alcohol. Officer White did not know whether the four shots of alcohol were part of, or in addition to, the Long Island Iced Tea.

{¶4} EMS transported Ms. Burch to Akron City Hospital. Officer White remained at the scene to ensure that it was cleaned up, and that Ms. Burch's vehicle was towed. He then went to Akron City Hospital to continue his investigation. While there, he read Ms. Burch the BMV 2255, told her she was under arrest for an OVI, and requested a blood draw. The results of the chemical tests performed on Ms. Burch's blood indicated that she had a BAC of 0.168.

{¶5} Ms. Burch was charged with one count of failure to control in violation of Akron Municipal Code Section 73.13A, and one count of OVI with prior refusal in violation of Section 73.01A2. She pleaded not guilty and moved to suppress the observations and opinions of Officer White, the statements she made to him, and the results of the chemical tests. In support of her motion, Ms. Burch argued, in part, that Officer White lacked probable cause to arrest her, that Officer White's elicitation of incriminating statements prior to issuing a *Miranda* warning violated her constitutional rights, and that the chemical tests of her blood were not performed in compliance with the rules and regulations of the Ohio Department of Health.

{¶6} The trial court held a hearing on the matter. Officer White, among other witnesses, testified on behalf of the State. Relevantly, when asked what facts led him to arrest Ms. Burch, Officer White responded: "the admittance of alcohol consumption, being able to smell alcohol on Mrs. Burch, and at the hospital even being able to smell [the] same continuous

odor of alcohol,* * * [as well as] slurred speech, [and] her glossy eyes[.]" Following the hearing, the trial court granted Ms. Burch's motion to suppress on the basis that Officer White lacked probable cause to arrest her; it did not reach the merits of her arguments relative to *Miranda* or the chemical tests.

{¶7}    The City has appealed the trial court's judgment, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED MS. BURCH'S MOTION TO SUPPRESS.

{¶8}    In its assignment of error, the City argues that the trial court erred by granting Ms. Burch's motion to suppress. For the reasons that follow, we agree.

{¶9}    A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997). This Court, therefore, grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist.). "The legal

standard for probable cause to arrest for OVI is whether 'at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence.'" *State v. Krzemieniewski*, 9th Dist. Medina No. 15CA0015-M, 2016-Ohio-4991, ¶ 11, quoting *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), *superseded by statute on other grounds*.

{¶10} A review of the trial court's order indicates that the trial court based its determination that Officer White lacked probable cause to arrest Ms. Burch on the fact that Officer White waited to arrest her until he interacted with her at the hospital, yet she exhibited no new signs of intoxication at that time. It found that "[Officer White's] decision to arrest [Ms. Burch] for OVI after he interacted with her at the hospital is not consistent with his testimony because no additional indicators of intoxication came to light during his interaction with [Ms. Burch] at the hospital." The trial court also noted that Officer White testified that Ms. Burch never appeared disoriented, that she was not slurring her speech at the hospital, and that he attributed her slurred speech and glossy eyes to the accident, not alcohol consumption. It then held that "the totality of the circumstances known to Officer White at the scene of the accident and at the hospital were not sufficient to establish probable cause * * *."

{¶11} While Officer White did initially attribute Ms. Burch's glossy eyes and slurred speech to the accident, his later testimony makes clear that his opinion changed during his interactions with her, which led him to attribute those conditions to alcohol consumption. As previously noted, when asked what facts led him to arrest Ms. Burch for an OVI, Officer White specifically referenced her admission of alcohol consumption, glossy eyes, slurred speech, and the "medium" odor of alcohol on her. The fact that Officer White did not arrest Ms. Burch at the

scene of the accident where she had just flipped her vehicle over and was being treated by EMS did not preclude him from continuing his investigation and arresting her at the hospital, or relying on facts he observed at the scene of the accident as probable cause for doing so. Further, to the extent that the trial court relied on Officer White's testimony that Ms. Burch never seemed disoriented, a driver need not appear disoriented in order to be arrested for an OVI. *See, e.g.*, *State v. Montelauro*, 10th Dist. Franklin No. 11AP-413, 2011-Ohio-6568, ¶ 13 (noting that the driver was not disoriented or confused).

**{¶12}** Having reviewed the record, we hold that the trial court erred by finding that, at the moment of the arrest, Officer White did not have sufficient information, derived from a reasonably trustworthy source of facts and circumstances, to cause a prudent person to believe that Ms. Burch was driving under the influence. *See Krzemieniewski*, 9th Dist. Medina No. 15CA0015-M, 2016-Ohio-4991, at ¶ 11; *State v. Conover*, 23 Ohio App.3d 161, 162-163 (9th Dist.1985) (holding that probable cause existed where the defendant was involved in a single-vehicle accident, admitted to drinking two beers, smelled of alcohol, and had glassy eyes). The City's assignment of error is, therefore, sustained.

### III.

**{¶13}** The City of Akron's assignment of error is sustained. The judgment of the Akron Municipal Court is reversed, and the cause is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

6

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellant.

THOMAS M. DICAUDO and BENJAMIN R. SORBER, Attorneys at Law, for Appellee.